United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| TEDROS ABREHA, "Petitioner," | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-00123 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, "Respondents," | § | |

# ORDER

Before the Court is "Petitioner's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) or, In the Alternative, Motion for Relief from Judgment Under Fed. R. Civ. P. 60(B)" (Dkt. No. 16) ("Motion"), "Respondent's Response in Opposition to Motion to Alter Judgment Or Motion for Relief from Judgment" (Dkt. No. 16) ("Response"), "Petitioner's Reply to Response to Motion to Alter Judgment Or Motion for Relief from Judgment" (Dkt. No. 19) ("Reply"). For these reasons, Petitioner's Motion (Dkt. No. 15) is **DENIED**.

## I. BACKGROUND

Petitioner entered the United States on or about May 13, 2023, and is currently an immigration detainee held at Port Isabel Detention Center in Los Fresnos, Texas. Dkt No. 1 at 1. On February 4, 2026, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition"), seeking release from detention or a bond hearing. Dkt. No. 1 at 2. On February 17, 2026, while Petitioner's Petition was pending, an Immigration Judge ordered Petitioner be removed to Eritrea but also entered an accompanying order "Withholding of Removal to Eritrea". Dkt. No. 13-3 at 3. Petitioner timely appealed the denial of Asylum to the BIA. Dkt. Nos. 12-4 at 1, 13-4 at 1. On April 22, 2026, this Court granted Respondents' Motion for Summary Judgment and denied Petitioner's Petition and Temporary Restraining Order, finding that § 1225(b)(2)(A), as applied to the Petitioner, did not violate the Due Process Clause of the Fifth Amendment. Dkt. No. 14. Now, Petitioner moves to alter or amend that judgment under Rule 59(e), or alternatively for relief under Rule 60(b). Dkt. No. 15.

## II. LEGAL STANDARD

A Rule 59(e) motion to alter or amend judgment is an extraordinary remedy that "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473 (5th Cir. 2004). A movant may obtain relief for one of four reasons: (1) there was an intervening change in controlling law; (2) the availability of new evidence not previously available; (3) the need to correct a clear error of law or fact; and (4) the need to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Templet*, 367 F.3d 473, 478.

A Rule 60(b) motion permits a court to relieve a party from a final judgment on one of six grounds: (1) mistake or inexcusable neglect; (2) newly discovered evidence; (3) fraud or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60. A Rule 60(b) motion may not be used to replace a timely appeal, and a party who simply seeks reconsideration of a claim without demonstrating a change in circumstance cannot obtain relief under Rule 60(b). *See Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042.

## III. DISCUSSION

### A. The Court Denies Petitioner's Motion Because the "Newly Available" Evidence Was Discoverable Before April 22, 2026.

For a Rule 59(e) motion to be granted based on availability of new evidence, the movant must prove that the evidence was not previously available before the judgment. *See Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity National Insurance Company*, 542 F.3d 1053, 1058. An unexcused failure to present evidence that was available at the time of summary judgment is grounds for denying a subsequent 59(e) motion. *Templet*, 367 F.3d 473, 593. For a Rule 60(b) motion, a court may grant relief from a final judgment based on the availability of "newly discovered evidence which by due diligence" could not have been uncovered in time for a new trial. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995). The newly available evidence "must be in existence at the time of trial and not discovered until after trial." *Id.*

Here, the decision of the Government not to appeal the Withholding of Removal was available before April 22, 2026. Dkt. No. 10 at 6. The deadline for either party to appeal the February 17, 2026, decision expired on March 19, 2026, more than a month before this Court's April 22, 2026, order. *See* Dkt. No. 13-3; Dkt. No. 14. Petitioner has provided no excuse for failing

to discover this evidence before the Court's granting of Summary Judgment. Because Petitioner has not met the threshold requirement for newly available evidence, Petitioner's Motion cannot be granted on this basis.

**B. The Court Denies Petitioner's Motion Because Granting the Motion for Summary Judgment Does Not Result in Manifest Injustice**

Per Rule 59(e), a manifest injustice determination "is a case-by-case decision based on equitable considerations." *Jones v. Stephens*, 998 F.Supp.2d 529, at 536. Manifest injustice occurs when there is a fundamental flaw in the court's initial decision that, if left unresolved, would lead to a result that is both inequitable and astray from applicable law. *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *3 (W.D. Tex. 2005).

A Rule 60(b)(6) motion can be granted only "upon extraordinary circumstances." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Moreover, the movant "may not avail himself of the broad 'any other reason' clause of 60(b)" if the substance of his claim fits under clauses (1) through (5). *Klapprott v. United States*, 355 U.S. 601, 613 (1949).

Here, the timeline Petitioner describes as a compounding series of delays rests on the premise that the grant of Withholding of Removal was a final, settled matter. *See* Dkt. No. 10 at 3. Said premise is wrong. Under 8 U.S.C. § 1101(a)(47)(B), the Withholding of Removal order was not final because Petitioner elected to pursue an appeal. *See id.* Accordingly, the question of where Petitioner will ultimately be removed, or whether he will be granted asylum, remains unresolved. *See id.*

Additionally, this Court is not forcing Petitioner to choose between obtaining relief under this Court's prior order and pursuing his asylum claim or otherwise imposing procedural delays upon him. Rather, the delay Petitioner identifies is a consequence of his decision to appeal the denial of asylum and the resulting continuation of the administrative proceedings. *See* Dkt. No. 10 at 3. Such delay is not manifest injustice warranting relief under Rule 59(e). Thus, Petitioner's Motion is denied on this ground.

The same logic applies to Petitioner's Rule 60(b)(6) Motion. The consequences of a movant's deliberate choice do not entitle him to relief under 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 198 (1950). In most cases involving "extraordinary circumstances," the movant "is completely without fault for his or her predicament." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025). The procedural delays that Petitioner speaks of are an inevitable

consequence of his decision to appeal the asylum denial. Neither the Respondents nor this Court have imposed on Petitioner the choice between securing his asylum and challenging this Court's Order. Because Petitioner has failed to demonstrate "extraordinary circumstances," Petitioner's Motion is denied.

### C. The Court Denies Petitioner's Rule 59(e) Motion Because There is No Clear Error of Law or Fact

To establish a clear error of law or fact, the movant must demonstrate a "manifest error" that is "plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). The movant may not use a Rule 59(e) motion to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Before a movant files a Rule 59(e) motion, he "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *O'Fallon v. Encore Receivable Mgmt., Inc.*, 831 F. Supp. 2d 957, 967 (S.D. Miss. 2011). Indeed, where a Rule 59(e) motion serves only to reargue matters the Court already addressed, the motion should be denied on that basis alone. *See id.*

Here, Petitioner argues that the Court committed a clear error by addressing only entry fiction and admission status, without addressing his claim that he faces indefinite detention. Dkt. No. 15 at 2. Continued detention is no longer authorized by statute once removal is not reasonably foreseeable. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). But this cannot be shown here.

Petitioner's own asylum appeal remains pending, meaning the Withholding of Removal is not final until the appeal concludes. *See* 8 U.S.C. § 1101(a)(47)(B). If Petitioner is granted asylum, the indefinite detention problem disappears altogether. As such, whether removal is reasonably foreseeable cannot be assessed until Petitioner's appeal has been resolved. Declining to reach an unripe argument does not amount to "an obvious mistake or departure from the truth." *Guy*, 394 F.3d at 325. For this reason, Petitioner's Motion is denied on this ground.

### D. Petitioner's Argument That There is an Intervening Change in Controlling Law Does Not Entitle Him to Relief Because *Sosnava-Rodriguez v. Ortega* Has Been Vacated.

Petitioner argues that the Fifth Circuit's decision in *Sosnava-Rodriguez v. Ortega* constitutes controlling law requiring that his Rule 59(e) motion be granted because his detention under §1225(b)(2)(A) has exceeded ninety days without a bond hearing, in violation of due process. Dkt. No. 19 at 2-3. But the Fifth Circuit vacated *Sosnava-Rodriguez v. Ortega* on July 10, 2026. *Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (vacated for rehearing at a later date). As such, Petitioner's Motion is denied on this basis.

## IV. CONCLUSION

For these reasons, Petitioner's Motion (Dkt. No. 16) is **DENIED**. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 25th day of September 2026.

Rolando Olvera
United States District Judge